

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:08cr49

ORILLION CRADDOCK

## MEMORANDUM OPINION

Orillion Craddock, proceeding <u>pro se</u>, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 73.)[1] Craddock asserts entitlement to relief upon the following grounds:[2]

| | |
|---|---|
| Claim One | Counsel failed to adequately challenge the Government's search of Craddock's grandmother's residence which resulted in the seizure of a sawed-off shotgun. (<u>See</u> § 2255 Mot. 5; Answer 2, ECF No. 77.) |
| Claim Two | (a) Counsel failed "to request the grand jury minutes [i]n order to determine what date did petitioner actually possess the firearm as required by 18 U.S.C. § 922(g)(1) . . . ." (§ 2255 Mot. 6.) |
| | (b) Counsel "failed to challenge the fact as to whether the firearm was |

---

[1] Craddock submitted multiple § 2255 Motions to the Court. (<u>See</u> ECF Nos. 71, 73, 76.) The Motions are identical. The Court's citations refer to the § 2255 Motion and attachments received on February 1, 2011. (ECF No. 73-74.)

[2] The Court has corrected the capitalization in the quotations to Craddock's submissions.

operable when Mr. Craddock was alleged to have possessed the firearm." (Id.)

Claim Three  "Mr. Craddock was denied due process of law when the Court punished him for exercising his right to trial by jury." (Id. at 8.)

The Government responds that Craddock's claims lack merit. (ECF No. 77.) Craddock has replied. (ECF No. 80.) For the reasons that follow, Craddock's claims will be dismissed.

## I. PROCEDURAL HISTORY

On March 5, 2008, a federal grand jury in the Eastern District of Virginia, Richmond Division, returned a two-count indictment against Craddock charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One) and possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (Count Two).[3] (Superseding Indictment 1-2, ECF No. 11.) On April 22, 2008, a jury convicted Craddock of both counts. (Jury Verdict 1, ECF No. 30.) The Court sentenced Craddock to 120 months of imprisonment. (J. 2, ECF No. 53.)

---

[3] These charges arose out of a seizure of a sawed-off shotgun during the execution of a search warrant at Craddock's grandmother's residence. (See Apr. 21, 2008 Tr. 29-30.)

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).  The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  Id. at 697.

In Claim One, Craddock faults counsel for failing to challenge the searches of his grandmother's residence where law enforcement officers recovered the shotgun that was the subject of the Superseding Indictment.  Detective Scott Leonard of the

3

Richmond Police Department recovered the shotgun at 305 Dundee Avenue, in the City of Richmond, on August 11, 2007 during a search conducted as part of an investigation of a homicide that occurred at that address.  (Def.'s Mot. in Limine 1, ECF No. 19; Apr. 21, 2008 Tr. 39-40.)  Detective Leonard testified that he recovered the shotgun from an upstairs attic at that address.  (Apr. 21, 2008 Tr. 44.)  At the time he recovered the shotgun, the barrel had been shortened and the stock removed.  (Apr. 21, 2008 Tr. 44.)  Nevertheless, the shotgun was "in mechanical operating condition."  (Apr. 21, 2008 Tr. 44.)

On April 3, 2008, Detective Leonard returned to search the attic of 305 Dundee Avenue.  (Apr. 21, 2008 Tr. 47-48.)  On this occasion, he found the stock pieces to the shotgun underneath a sofa bed in the attic.  (Apr. 21, 2008 Tr. 48.)  On April 14, 2008, Detective Leonard again returned to the residence to look for the missing action spring.  (Apr. 21, 2008 Tr. 50.)  Detective Leonard found the spring in the attic.  (Apr. 21, 2008 Tr. 50-51.)

Craddock contends that counsel should have challenged the searches of 305 Dundee Avenue because Detective Leonard acknowledged that he did not know to whom the home belonged. (Pet'r's Mem. Supp. § 2255 Mot. 5 (citing Apr. 21, 2008 Tr. 57).)  Detective Leonard did not supply the facts to obtain the

4

initial search warrant.[4]  Rather, Detective Leonard is a forensic officer who assists in the execution of warrants already issued. (Apr. 21, 2008 Tr. 39-40.)  Detective Leonard's ignorance of the owner of the property fails to invalidate his search of the property pursuant to a facially valid warrant.  Cf. United States v. Gamboa, 439 F.3d 796, 806 (8th Cir. 2006) (observing that a search warrant passes muster so long as the place to be search is "described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort and to avoid mistakenly searching the wrong premises") (citation omitted) (internal quotation marks omitted).  Thus, Craddock fails to explain how counsel could hope to invalidate that search.

The record does not reveal who obtained the search warrants for the second and third searches of 305 Dundee Avenue. Nevertheless, given that the police already had obtained the sawed-off shotgun, any invalidation of the second and third searches could not impact Craddock's convictions.  Thus, Craddock cannot demonstrate deficiency or prejudice as result of

---

[4] Craddock attached a copy of the initial search warrant and affidavit to a complaint he filed in a separate civil case. Complaint Exs. D(1)-(3), Craddock v. Fisher, No. 3:12CV430 (E.D. Va. filed June 14, 2012), ECF No. 1; see Short v. United States, No. 4:09-CV-763 CAS, 2009 WL 3698431, at *12 n.5 (E.D. Mo. Nov. 3, 2009) (taking judicial notice of search warrant applications on file with the court).

5

counsel's failure to challenge the searches of 305 Dundee Avenue. Accordingly, Claim One will be dismissed.

In Claim Two(a), Craddock complains that counsel failed "to request the grand jury minutes [i]n order to determine what date did petitioner actually possess the firearm as required by 18 U.S.C. § 922(g)(1) . . . ." (§ 2255 Mot. 6.) Craddock contends that the Superseding Indictment must specifically allege the date he possessed the shotgun in order to sustain his convictions for Counts One and Two.[5] The Superseding Indictment gave Craddock adequate notice of the charges against him to prepare a defense. See United States v. Brewer, 1 F.3d 1430,

---

[5] The Superseding Indictment charged, in pertinent part, with respect to Count One:

> [F]rom on or before July 2007, the exact date being unknown to the grand jury, until the 10th day of August, 2007, . . . CRADDOCK, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did . . . possess a firearm, to wit: a Savage Arms 16 gauge shotgun . . . .

(Superseding Indictment 1, ECF No. 11.) With respect to Count Two, the Superseding Indictment charged:

> [O]n or about the 10th day of August 2007 . . . CRADDOCK did knowingly and unlawfully possess a firearm, to wit: a Savage Arms 16 gauge shotgun . . . with a barrel length of less than 18 inches and an overall length of less than 26 inches, that was not registered to him in the National Firearms Registration and Transfer Record.

(Id. at 1-2.)

1437 (4th Cir. 1993).   The Superseding Indictment did not have to state the exact date of the alleged offenses.   See United States v. Jamison, 635 F.3d 962, 967-68 (7th Cir. 2011) (reciting the elements for a violation of 26 U.S.C. § 5861(d)); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (reciting the elements for a violation of 18 U.S.C. § 922(g)(1)); United States v. Francisco, 575 F.2d 815, 818 (10th Cir. 1978) ("In the absence of an express provision in the statute, proof of the specific date of the crime is not an essential element so long as it is shown to have occurred after the prior conviction, within the statute of limitations, and before the indictment." (citing United States v. Davis, 436 F.2d 679 (10th Cir. 1971)).   Accordingly, Craddock fails to demonstrate deficiency or prejudice on the part of counsel. Claim Two(a) will be dismissed.

In Claim Two(b), Craddock complains that counsel should have contested whether the shotgun was operable when initially recovered.   "[T]here is no requirement that a firearm be operable" in order to sustain a conviction under 18 U.S.C. § 922(g)(1) or 26 U.S.C. § 5861(d).   United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993) (citations omitted); see United States v. Wright, 991 F.2d 1182, 1187-88 (4th Cir. 1993). Moreover, the testimony unequivocally reflected that the shotgun

was operable when initially recovered.    (Apr. 21, 2008 Tr. 111-12).  Accordingly,  counsel  wisely  refrained  from  pursuing  the challenge Craddock urges here.   Claim Two(b) will be dismissed because Craddock fails to demonstrate deficiency or prejudice.

## III.   CHALLENGE TO THE APPLICATION OF THE SENTENCING GUIDELINES

In Claim Three,  Craddock  contends  that  he  "was  denied  due process of law when the Court punished him for exercising his right to trial by jury."   (§ 2255 Mot. 8.)   Craddock, however, fails  to  supply  any  facts  that  coherently  support  this assertion.    Instead,  he  argues  that  the  Court  incorrectly applied  the  Sentencing  Guidelines  by  referencing  an  Offense Level of 26.    (Mem. Supp. § 2255 Mot. 9, ECF No. 72.)   First, absent  "extraordinary  circumstances,  however,  an  error  in  the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."   United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999).   Second, the Court correctly assigned Craddock  an  Offense  Level  of  26  under  §  2K2.1(a)  of  the Sentencing Guidelines.[6]    (Presentence Report Worksheet A 1.) Accordingly, Claim Three will be dismissed.

---

[6]  That provision provides for an Offense Level of 26 for the  unlawful  possession  of  a  firearm  if  "(A)  the  offense involved a . . . (ii) firearm that is described in 26 U.S.C. § 5845(a);  and  (B)  the  defendant  committed  any  part  of  the instant  offense  subsequent  to  sustaining  at  least  two  felony convictions  of  either  a  crime  of  violence  or  a  controlled

## IV. OUTSTANDING MOTIONS

Craddock submitted a host of motions while his § 2255 was pending. Craddock moved to amend or supplement his § 2255 Motion ("Motion to Amend," ECF No. 89) and further moved the Court to stay any resolution of the § 2255 Motion until the Court rules on his motion to amend or supplement. (ECF Nos. 87, 90.) Craddock explains that he wishes to "add two (2) additional grounds for relief." (Mot. to Amend 3.) Specifically, Craddock explains that he wishes to add a "Fourth Amendment[7] defense alleging that the police's search warrant was invalid and that the police were without probable cause to obtain, execute, and seize items from a residence [in] which he did not reside, then charge him with this evidence." (Id. at 4.) Additionally, Craddock explains that he wishes to assert that the Court violated rights when it calculated his Base Offense Level. (Id. at 5-6.) Craddock's Motion to Amend (ECF No. 89) will be granted.

---

substance offense." United States Sentencing Commission Guidelines Manual § 2K2.1(a) (2008). The sawed-off shotgun possessed by Craddock is described in 26 U.S.C. § 5845(a). See 26 U.S.C. § 5845(a)(2) (listing "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length").

[7] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV.

Nevertheless, his proposed claims are largely variations of Claims One and Three which the Court already has concluded lack merit. See supra Parts II, III. Indeed, to the extent Craddock seeks to pursue a Fourth Amendment claim (unadorned by a claim of ineffective assistance of counsel), the claim is not cognizable in these proceedings. United States v. Schulte, No. 99-7667, 2000 WL 1390205, at *1 (4th Cir. Sept. 26, 2000) (citing Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974)); see Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978). Furthermore, Craddock fails to coherently articulate why the police lacked probable cause to search 305 Dundee Avenue simply because he did not live there.[8]   Accordingly, Craddock's amended claims will be

---

[8] The facts listed to support probable cause for the search were as follows:

> On August 10, 2007 at approximately 2231 hours, police were called to the residence of 305 Dundee Avenue. Upon arrival they found the victim Naeem Albertus BROWN, shot and unresponsive and laying on the front steps of the residence. Following the shooting incident, the suspect Orillion CRADDOCK was observed running around the building and down the alley. Prior to the shooting incident[,] the suspect CRADDOCK was observed going into the basement of the residence situated at 305 Dundee Avenue. Witnesses reported prior knowledge of the suspect CRADDOCK utilizing the basement of the residence situated at 305 Dundee Avenue while possessing a firearm.

Complaint Ex. D(1), Craddock v. Fisher, No. 3:12CV430 (E.D. Va. filed June 5, 2012), ECF No. 1.

dismissed.    Craddock's Motions to Stay the Resolution of his §
2255 Motion (ECF Nos. 87, 90) will be denied.    The § 2255
Motions (ECF Nos. 71, 73) will be denied.

Craddock's motions seeking an evidentiary hearing (ECF Nos.
82, 88) will be denied.    Craddock's motions seeking a prompt
disposition of his § 2255 motion (ECF Nos. 92, 94, 103) will be
denied as moot.    Craddock's request for free copies (ECF
No. 108) will be denied.    The action will be dismissed.

An appeal may not be taken from the final order in a § 2255
proceeding unless a judge issues a certificate of appealability
("COA").    28 U.S.C. § 2253(c)(1)(B).    A COA will not issue
unless a prisoner makes "a substantial showing of the denial of
a constitutional right."    28 U.S.C. § 2253(c)(2).    This
requirement is satisfied only when "reasonable jurists could
debate whether (or, for that matter, agree that) the petition
should have been resolved in a different manner or that the
issues presented were 'adequate to deserve encouragement to
proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000)
(quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).
Craddock has not satisfied this standard.    Accordingly, the
Court will deny a COA.

The Clerk is directed to send a copy of this Memorandum Opinion to Craddock and counsel for the Government.

It is so ORDERED.

/s/ *REP*

Robert E. Payne
Senior United States District Judge

Date: *December 17, 2013*
Richmond, Virginia

12