IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR49
    Civil Action No. 3:16CV183

ORILLION CRADDOCK

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on December 19, 2013, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Orillion Craddock. (ECF Nos. 110-111.) On March 11, 2016, the Court received from Craddock a motion seeking relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 120). As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 Motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Id.</u> at 207 (internal citation omitted). Here, Craddock's Rule 60(b) Motion raises challenges to his convictions and sentence, rather than any defects in his federal collateral proceedings.

Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2255 motion. The Court has not received authorization from the Fourth Circuit to file the present § 2255 Motion. Therefore, the action will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

On April 23, 2015, and October 16, 2015, the Court received a request for records from the Court. On October 19, 2015, the Clerk provided Craddock with some of the records that he requested. As Craddock has failed to demonstrate a particularized need for any further records, Craddock's requests for any additional records (ECF No. 118, 119) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Craddock and counsel for the United States.

Date: March 23, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge